### 38691.   BAILEY-LEWIS-WILLIAMS OF GEORGIA, INC. v. THOMAS.

Carlisle, Judge. 1. Where the employee and the employer, or insurance carrier, fail to agree as to the payment of compensation, either party may make application to the State Board of Workmen's Compensation for a hearing in regard to any matter at issue and for a ruling thereon. "Immediately after such application has been received the Board shall set a date

for a hearing . . . and shall notify the parties at issue of the time and place of such hearing." *Code Ann.* § 114-706. No provision is made by the law as to the manner of service of such notice, but this court will take judicial cognizance that it has been the custom of the board since its inception to serve such notice by posting it in the United States mail. See 31 C. J. S. 602, Evidence, § 40, esp. n. 76.

2. Where, upon the call of a case on the application of the employee for a hearing to determine the liability of the employer for compensation, there is no appearance for the employer, or insurance carrier, and the record before the deputy director contains a copy of a "Notice of hearing" bearing the claim number and carrying the names and addresses thereon of the employee and of the employer, which notice stated in the body thereof the time and place of such hearing, and which was signed by the chairman and members of the board, and where the record shows that the deputy director stated that "The notice did not come back," it will be presumed that the deputy director spoke from his own knowledge that such notice was in fact properly mailed, and a prima facie showing was made, in the absence of anything else appearing, that such notice was mailed to the employer and that it had notice of the time and place of the hearing.

3. Under the foregoing rules of law, where the deputy director after hearing evidence, entered an award in favor of the employee, directing the employer to pay compensation and the employer duly received notice of such award, the failure of the employer to appeal to the full board where all issues of law and fact which might have been asserted on the hearing before the deputy director could have been submitted and tried anew (*Code* § 114-708), constituted a waiver of its right to insist upon notice and an opportunity to be heard, and such question could not be insisted upon for the first time on appeal to the superior court.

4. The evidence adduced upon the hearing before the deputy director was sufficient to support the award of compensation and the judge of the superior court did not err in denying the appeal insofar as it sought to assert that the award was contrary to law. No issue was presented by the record before the superior court to sustain the contention in the appeal that the order, or decree, was procured by fraud.

5. However, under the facts of this case, the deputy director abused his discretion in assessing a $25 penalty under the provisions of *Code Ann.* § 114-716, against the employer without first affording the employer a notice of the assessment of such penalty and an opportunity to be heard. *Employers Liability Assurance Corp. v. Pruitt,* 63 Ga. App. 149, 152 (2) (10 S. E. 2d 275). Accordingly, the judgment of the superior court is affirmed with direction that the said $25 penalty be written off the award and that this issue alone be referred to the board for a hearing and determination according to the provisions of *Code Ann.* § 114-716 after due notice of and reasonable opportunity for such hearing is given to the employer.

*Judgment affirmed with direction. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 22, 1961—REHEARING DENIED MARCH 8, 1961.

*Richard W. Best,* for plaintiff in error.
*Louis H. Mitchell,* contra.