**J.R. NIX, Plaintiff,**

v.

**Hugh HARDISON, et al., Defendants.**

**No. 1:88–CV–506–RHH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 6, 1989.

Carl Paul Fredericks, Marietta, Ga., for plaintiff.

Daryl Alan Robinson, Neal Bradley Childers and William F. Amideo, Office of State Atty. Gen., Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brings this action for an alleged deprivation of his civil rights. Plaintiff, a member of the Georgia State Patrol, claims that defendants deprived him of due process of law when they demoted him from the rank of sergeant to the rank of corporal for alleged misconduct and conduct reflecting discredit upon the department. On January 17, 1989, this court granted defendants' motion to file a motion for summary judgment out of time. Currently before the court is defendants' motion for summary judgment. The court GRANTS defendants' motion for summary judgment.

## FACTS

Plaintiff, J.R. Nix, is a member of the Georgia State Patrol ("GSP"). Prior to the incident leading to this action, plaintiff held the rank of sergeant with the GSP.

At all relevant times, defendant Hardison served as Commissioner of the Georgia Department of Public Safety, defendant Braswell served as Deputy Commissioner of the Department of Public Safety and defendant Pinyan served as Commander of Field Operations for the GSP.

Defendants McDermit and Whisenhunt both served as lieutenants with the GSP at all times relevant to this action. Defendant Earp was not employed by the Georgia Department of Public Safety at any pertinent time.

On February 13, 1986, plaintiff allegedly pulled his service revolver and aimed it at a Georgia Department of Transportation ("GDOT") worker. Several employees of the GDOT apparently reported this incident to an employee of the Georgia Department of Public Safety which oversees the actions of the GSP. When plaintiff's supervisor, Defendant Pinyan, heard of the incident, he requested defendants Whisenhunt and McDermit to conduct an investigation.

Upon receiving the report of defendants Whisenhunt and McDermit, defendant Pinyan called plaintiff before him. The plaintiff and defendants disagree as to what happened next. Defendant Pinyan claims that he informed plaintiff of the charges against him and orally offered him an opportunity to have the matter heard by the State Patrol Disciplinary Board or alternatively to have the matter heard by Major Pinyan himself. Pinyan claims that plaintiff, aware of both options, chose the latter. Plaintiff contends, however, that Pinyan never informed him of the opportunity to have his case heard by the State Patrol Disciplinary Board pursuant to O.C.G.A. § 35–2–45(d).

On March 13, 1986, Major Pinyan issued a notice of proposed adverse action, charging plaintiff with misconduct and conduct reflecting discredit on an officer. Defendant Pinyan proposed that plaintiff be demoted to the position of corporal and suspended without pay for fifteen days. Plaintiff was thereafter advised of his right

to an appeal. Plaintiff appealed defendant Pinyan's decision to defendant Braswell. On March 25, 1986, defendant Braswell issued his decision, upholding the demotion but vacating the suspension without pay.

Plaintiff then appealed defendant Braswell's decision to the State Personnel Board. Plaintiff, represented by counsel, received an adversarial hearing before State Personnel Board hearing officer Bailey. On June 13, 1986, hearing officer Bailey issued his decision upholding plaintiff's demotion. Plaintiff subsequently requested a review of defendant Bailey's decision by the full State Personnel Board; however, the request for review was denied as untimely. Officer Bailey's decision therefore became the decision of the State Personnel Board. Plaintiff did not thereafter seek judicial review of the personnel Board's decision in the state court system.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 claiming that defendants' failure to afford him a hearing before the State Patrol Disciplinary Board constituted a denial of due process. Defendants now move for summary judgment.

DISCUSSION

Defendants have filed a motion for summary judgment. This court will grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56.

Defendants, as the parties seeking summary judgment, bear the "exacting burden" of demonstrating that there is no genuine dispute as to any material fact in the case. *American Viking Contractors v. Scribner Equipment Co.*, 745 F.2d 1365 (11th Cir.1984).

While the defendants carry the burden of convincing the court that no genuine issue of material fact exists, they need not entirely negate the plaintiff's claims. Rather, defendants may obtain summary judgment by citing the non-moving party's failure to make a showing sufficient to create a genuine issue on an essential element of the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Defendants present three basic arguments as to why they are entitled to summary judgment in this action. First, defendants claim that plaintiff is not entitled to due process because he had no protected property interest in his job. Second, defendants assert that the principle of res judicata prevents plaintiff from re-litigating in this forum issues already presented to the State Personnel Board. Since the State Personnel Board already determined that plaintiff aimed the gun at the GDOT employee and was thereafter terminated in accordance with Department of Public Safety procedures, defendants assert that plaintiff is precluded from filing this action. Finally, defendants assert that even if Georgia law imbued plaintiff with a protected property interest in his position with the GSP, plaintiff has already been afforded due process in accord with the requirements of the Fourteenth Amendment.

1. *Property Interest*

■ This court rejects defendants' argument that plaintiff has no property interest in his job with the GSP such that he is entitled to due process.

■ In *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the Supreme Court stated that a "person's interest in a benefit" is a constitutionally protected property interest if there are "rules or mutually explicit understandings that support his claim of entitlement." State law determines the legitimacy of a claim of entitlement to continued employment. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Under Georgia law, a property interest in continued employment arises whenever a public employee can be terminated only for cause. *Brownlee v. Williams*, 233 Ga. 548, 212 S.E.2d 359, 362 (1975).

In the case at hand, defendants do not dispute the fact that plaintiff is a permanent employee with the Georgia Depart-

ment of Public Safety. Defendants' Statement of Undisputed Material Facts ¶ 1. However, defendants assert that O.C.G.A. § 45–20–8(b) reveals the Georgia Legislature's express desire not to create a protected property interest in a permanent employee's job. The court does not disagree with defendants' understanding of O.C.G.A. § 45–20–8(b). However, another pertinent provision of the Georgia Code does provide plaintiff with a protected property interest in his position with the Georgia State Patrol.

O.C.G.A. § 35–2–46 provides the grounds and procedures for dismissals of officers with the GSP. This section lists the several "causes" for which an officer may be terminated. The statute imposes a limit on the power of the appointing authority to terminate an employee's tenure with the GSP. Georgia courts have determined that such a limit on the appointing authority's power imbues the employee with a protected property interest in his or her position. *Brownlee,* 233 Ga. at 548, 212 S.E.2d 359. This court therefore finds that plaintiff had a property interest in his position with the GSP such that he could not be demoted, suspended or dismissed without being afforded due process.

### 2. *Issue and Claim Preclusive Effect of Administrative Action*

■ State court judgments are entitled to both issue and claim preclusive effect in subsequent actions brought pursuant to 42 U.S.C. § 1983. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (issue preclusion), *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (claim preclusion).[1] In *University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the Supreme

Court extended the holdings of *Allen* and *Migra* to apply to administrative decisions:

(W)hen a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts in actions under the Reconstruction civil rights statutes must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts.

*Id.* at 789, 106 S.Ct. at 3222.

■ Three conditions must be met before this court affords an agency's decision preclusive effect: (1) the agency must be performing a judicial function, (2) the parties must have had an adequate opportunity to litigate the issues and (3) the issues must be properly before the agency. If all three factors are met, then the federal court must determine what preclusive effect would be afforded the agency decision under state law. *See Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 383, 105 S.Ct. 1327, 1333, 84 L.Ed.2d 274 (1983).

■ Georgia law affords the decisions of a hearing officer with the State Personnel Board full preclusive effect. *Woods v. Delta Airlines, Inc.,* 237 Ga. 332, 227 S.E.2d 376 (1976). In Georgia, the prerequisites to the application of the doctrine of issue preclusion are: (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in the earlier action. *Georgia State Conference v. State of Georgia,* 570 F.Supp. 314 (S.D.Ga. 1983).

■ Defendants argue plaintiff in the case at hand is precluded from re-litigating

---

**1.** Res judicata consists of two separate preclusion concepts: Issue preclusion and claim preclusion. Issue preclusion refers to the effect of a judgment in foreclosing litigation of a matter that has been litigated and decided on the merits. This effect is otherwise known as collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated because of a

determination that it should have been advanced in an earlier suit. Thus, claim preclusion encompasses the law of merger and bar. *Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984) *cited in Gjellum v. City of Birmingham,* 829 F.2d 1056 (11th Cir.1987). In the case at hand, we are concerned only with issue preclusion.

issues properly presented to and already decided by hearing officer Bailey in the case at hand. Defendants contend that plaintiff is prevented from relitigating the factual findings concerning the events that transpired on February 13, 1988. Defendants also contend that plaintiff is prevented from re-litigating the hearing officer's conclusion that proper procedures were followed in plaintiff's demotion.

This court finds that these issues were properly presented to hearing officer Bailey, who was acting in a judicial capacity. In addition, plaintiff was afforded a full adversarial hearing before officer Bailey on May 11, 1986. Plaintiff was represented by Attorney Carl Fredericks at the hearing. Plaintiff had an opportunity to make an opening statement, to present witnesses of his own, to cross-examine department witnesses and to submit a written closing argument. Thus, the requirements of *University of Tennessee v. Elliott*, were satisfied. Additionally, all three prongs of the *Georgia State Conference* test to determine whether an administrative decision should be given preclusive effect are met in the case at hand. Accordingly, this court adopts hearing officer Bailey's findings of fact concerning the incidents that took place on February 13, 1986. See Defendants' Motion for Summary Judgment, Ex. A, p.p. 20–22, ¶¶ 1–6. The court also adopts hearing officer Bailey's determination that the "State Personnel Board Rule 15.203 authorizes an appointing authority to demote an employee and that the Appointing Authority followed the proper procedures in demoting Appellant (Nix) in this case." *Id.* ¶ 7.

### 3. Due Process Requirements

■ While this court is bound by hearing officer Bailey's factual findings, this court will nonetheless consider whether plaintiff received the due process to which he was entitled.

A public employee with a constitutionally protected property interest in continued employment is entitled to:

Oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.

*Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). A pre-termination opportunity to respond along with a post-termination hearing is all that is required to fulfill due process requirements.

In the case at hand, the parties do not dispute that plaintiff had an opportunity to respond to the charges brought against him. Plaintiff admits that he was informed of the charges against him. Nix Affidavit in Opposition to Defendants' Motion for Summary Judgment, Ex. A. Plaintiff has not rebutted the defendants' claim that plaintiff was afforded a pre-termination hearing before defendant Pinyan. Plaintiff was also afforded an opportunity to appeal defendant Pinyan's decision. Indeed, plaintiff did appeal Pinyan's decision to defendant Braswell. Finally, plaintiff received a full-blown post-demotion hearing before the State Personnel Board's Chief Hearing Officer Bailey.

Plaintiff maintains that a hearing before the State Patrol Disciplinary Board was an essential component of due process. However, as noted above, plaintiff was afforded both a pre-termination opportunity to hear and respond to the charges against him and a full post-termination evidentiary hearing. Thus, plaintiff received all the process to which he was entitled by the federal constitution.

CONCLUSION

This court finds that the plaintiff who did, in fact, have a protected property interest in his employment with the GSP, was afforded due process when he was demoted from the position of sergeant to the position of corporal. Accordingly, the court GRANTS defendants' motion for summary judgment. This action is terminated and the clerk is DIRECTED to enter judgment for the defendants.

So ORDERED.