**In re Gernot R. "Pete" BETTS and Debbie Betts, Debtors.**

**Henry WALTERS, Plaintiff,**

**v.**

**Gernot R. "Pete" BETTS and Debbie Betts, Defendants.**

**Bankruptcy No. G92–21325. Adv. No. 92–2065.**

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

April 6, 1994.

Charles G. Hoey, Lowendick & Speed, P.C., Atlanta, GA, for plaintiff.

Allen Broxton, Stewart, Melvin & House, Gainesville, GA, William L. Auld, Dawsonville, GA, for debtors/defendants.

### *ORDER*

ROBERT E. BRIZENDINE, Bankruptcy Judge.

This adversary proceeding is before the Court on several matters as follows: (1) Plaintiff's motion for summary judgment; (2) Plaintiff's motion to compel discovery; and (3) Plaintiff's request for oral argument.[1] After reviewing the record and evidence presented, and after considering the argument presented in the briefs, the Court concludes as follows. Defendants' liability having been finally adjudicated and determined in certain state administrative law proceedings, Plaintiff's motion for summary judgment is granted to the extent of the existence, validity, and amount of Defendants' debt. Summary judgment is denied, however, as to the alleged nondischargeable character of that debt. Further, Plaintiff's request for oral argument is denied and his motion to compel

discovery is denied as having been rendered moot.

Plaintiff seeks a determination that a debt arising from a worker's compensation award entered by a state administrative law judge is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). He asserts that Defendants' knowingly disregarded their duty under state law to provide workers' compensation insurance. Further, he contends that they could foresee the potential harm to his rights to collect workers' compensation benefits resulting from their willful failure to provide such insurance. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

First, with respect to Plaintiff's request for oral argument, the Court has reviewed the record and briefs and concludes that oral argument will not aid the Court in resolving this summary judgment motion. Thus, this request is denied.

Next, summary judgment may be granted pursuant to Federal Rule of Civil Procedure 56, applicable herein by and through Federal Rule of Bankruptcy Procedure 7056, if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. Plaintiff as movant herein has the initial burden of showing that there is no genuine issue of material fact and the Court must view the evidence in the light most favorable to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Clark v. Union Mutual Life Insurance Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982); *see also* Fed.R.Civ.P. 56(e).

The facts are as follows. Plaintiff suffered certain injuries during an automobile accident while he was employed by Defendants' business. Although Defendants deny that these injuries were compensable under state workers' compensation law, they admit that Plaintiff was subsequently awarded certain disability benefits by the Georgia State Board of Workers' Compensation on July 31, 1992.

---

1. This case was subsequently transferred to the undersigned.

A state administrative law judge found and concluded that Defendants were subject to the Workers' Compensation Act in Georgia and that Plaintiff's injuries were compensable. The judge also determined that Defendants did not have a workers' compensation insurance policy in force at the time of the injuries as required by state law. Plaintiff was awarded disability benefits and Defendants were ordered to pay his medical bills and related mileage expenses. In addition, Defendants were ordered to pay penalties and attorney's fees and a $1,000 fine was imposed based on their failure to maintain workers' compensation insurance and explain why they refused to accept Plaintiff's claim as compensable and make timely benefit payments thereon. To date, none of these benefits have been paid and Plaintiff has been unable to collect on his award.

After Defendants filed this bankruptcy case, Plaintiff filed a complaint asserting that Defendants knowingly disregarded their statutory duty and willfully failed to carry workers' compensation insurance thereby placing his right to benefits at risk. He asserts that their failure to maintain proper insurance constituted a willful and malicious injury to him or his property and that his claim is nondischargeable under 11 U.S.C. § 523(a)(6). This subsection provides as follows:

■ A discharge under section 727 ... does not discharge an individual debtor from any debt—

> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). A creditor must prove these elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ Under this provision, a plaintiff must establish two different mental traits. First, "willful" is defined as intentional or deliberate. The second part of the test, maliciousness, is defined in terms of wrongful-

ness and without just cause. Although a finding of recklessness or reckless disregard will establish malice, it is not sufficient to show willfulness. *See Blashke v. Standard (In re Standard)*, 123 B.R. 444, 449 (Bankr. N.D.Ga.1991). Further,. constructive or implied malice may be established by showing that a debtor proceeded to perform an act with knowledge that it would harm the interest of another. Knowledge may be proven by inference and a specific intent to harm the plaintiff or actual ill-will is not required under this second part of the test under Section 523(a)(6). *See Lee v. Ikner (In re Ikner)*, 883 F.2d 986, 991 (11th Cir.1989); *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1263 (11th Cir.1988).

■ In support of his motion and to establish the factual basis for his claim, Plaintiff has submitted and relies on the findings and conclusions of the administrative law judge.[2] Plaintiff contends that the findings in the award are binding in this action under the doctrine of collateral estoppel and entitle him to summary judgment. Under this doctrine, a party may be barred from relitigating an issue actually and necessarily litigated and decided in a prior action. Defendants argue in response that the factual issues determined by the administrative law judge are not conclusive herein because they did not have the opportunity to litigate such issues before him.

■ The principal question presented is whether this Court is precluded from reconsidering any fact issues decided by the state administrative law judge and if so, whether such findings establish that Plaintiff's workers' compensation claim is nondischargeable as a matter of law under 11 U.S.C. § 523(a)(6). Generally, the preclusive effect to be accorded state court judgments, verdicts, and records is governed by the principles of full faith and credit set forth in 28 U.S.C. § 1738. Under this provision, federal courts must give preclusive effect to prior state judicial proceedings to the same extent

---

**2.** Plaintiff did not allege in his statement of undisputed material facts that the copies of the administrative law judge's award, attached to his motion as Exhibit "A," or the consent order entered by the Superior Court of Cherokee Coun-
ty, Exhibit "B," are true and accurate. Because Defendants have not placed such matters in dispute, and since these documents otherwise appear to be regular on their face, they will be reviewed as a part of the record.

as accorded by the courts in that state. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 381, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985).

In accordance with this mandate, federal bankruptcy courts are similarly bound to give preclusive effect to findings of fact as entered by state courts. *Kelleran v. Andrijevic,* 825 F.2d 692, 694 (2d Cir.1987), *cert. denied,* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988). State court rulings, however, may not be given res judicata or claim preclusive effect in connection with the determination of dischargeability issues relating to fraud because such questions must ultimately be decided by bankruptcy courts. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Nevertheless, collateral estoppel or issue preclusion may be applied in reaching conclusions about certain underlying factual issues that are considered as evidence of nondischargeability. *Grogan, supra,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755; *Halpern v. First Georgia Bank (In re Halpern),* 810 F.2d 1061, 1064 (11th Cir.1987).

In *Marrese, supra,* the Supreme Court held that in applying Section 1738, a federal court must first look to state preclusion law and determine the conclusive effect of the prior state court ruling. 470 U.S. at 381–82, 105 S.Ct. at 1332–33; *see also Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 481–82, 102 S.Ct. 1883, 1889, 1897–98, 72 L.Ed.2d 262, *reh'g denied,* 458 U.S. 1133, 103 S.Ct. 20, 73 L.Ed.2d 1405 (1982); *Wright v. McIntyre (In re Wright),* 57 B.R. 961, 964 (Bankr.N.D.Ga.1986). If preclusive effect is appropriate under state law, the court must then decide whether any federally created statutory exception exists to prevent operation of such effect. *Marrese, supra,* 470 U.S. at 381–82, 105 S.Ct. at 1332–33; *Kremer, supra,* 456 U.S. at 468, 102 S.Ct. at 1890.

In this case, the ruling on which Plaintiff relies was entered by a state administrative law judge which was not reviewed by the Workers' Compensation Board or a state court. Section 1738 does not apply to unreviewed state administrative agency factfinding. *University of Tennessee v. Elliott,* 478 U.S. 788, 794, 106 S.Ct. 3220, 3223–24, 92 L.Ed.2d 635 (1986). Preclusive effect, however, may be given to such factfinding as would be given by the courts of that state when the agency is "acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate...." *Elliott, supra,* 478 U.S. at 799, 106 S.Ct. at 3226, quoting *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); *see also Nix v. Hardison,* 712 F.Supp. 185, 188 (N.D.Ga.), *aff'd without op.,* 891 F.2d 906 (11th Cir.1989); *Perino v. Cohen (In re Cohen),* 92 B.R. 54, 61–63 (Bankr.S.D.N.Y. 1988); *accord Eaves v. Hampel (In re Hampel),* 110 B.R. 88, 91 (Bankr.M.D.Ga.1990); *see also Gjellum v. City of Birmingham,* 829 F.2d 1056, 1064, 1070 (11th Cir.1987).

Under Georgia law, estoppel by judgment (collateral estoppel) applies when it is shown that the parties or their privies necessarily adjudicated the same issue for the previous judgment to be rendered, or when it is proven to have been actually litigated and determined. *See generally Blakely v. Couch,* 129 Ga.App. 625, 200 S.E.2d 493 (1973); *see also Nix, supra,* 712 F.Supp. at 188; *Sciarrone v. Brownlee (In re Brownlee),* 83 B.R. 836, 839 (Bankr.N.D.Ga.1988); *Wright, supra,* 57 B.R. at 964. In addition, "... for the former decision to be conclusive, it must have been based, not merely on technical grounds, but at least in part on the merits...." *Usher v. Johnson,* 157 Ga.App. 420, 421–22, 278 S.E.2d 70, 72 (1981), citing *Morris v. Georgia Power Co.,* 65 Ga.App. 180, 187, 15 S.E.2d 730 (1941), quoting *Sumner v. Sumner,* 186 Ga. 390, 197 S.E. 833 (1938).

In Georgia, administrative law judges "serve as hearing officers and exercise judicial functions in implementing the [Workers' Compensation] Act." *Continental Baking Co. v. Brock,* 198 Ga.App. 578, 579, 402 S.E.2d 331 (1991). The Workers' Compensation Board and its administrative law judges "have full authority to hear and deter-

mine all questions with respect to such [workers' compensation] claims." O.C.G.A. § 34–9–100(a) (Michie 1992). Further, the decisions of an administrative law judge on questions of fact in matters over which the Workers' Compensation Board has jurisdiction are given full preclusive effect. *Georgia Casualty & Surety Co. v. Randall,* 162 Ga. App. 532, 292 S.E.2d 118 (1982); *Woods v. Delta Airlines, Inc.,* 237 Ga. 332, 227 S.E.2d 376 (1976); *see also* O.C.G.A. § 34–9–105(a).

Based on the record presented, the Court finds that the workers' compensation issues resolved by the administrative law judge were properly before him and that his findings were rendered in a judicial capacity as authorized by state law. Defendants contend, however, that they were not subject to the Workers' Compensation Act. Further, they assert that because the findings contained in his ruling were entered without affording them a full adversarial hearing, they did not have an adequate opportunity to litigate the issues decided by the administrative law judge. Although a hearing was held on notice, Defendants did not appear and defend against Plaintiff's claim due to the alleged advice of counsel that such an appearance was unnecessary based on a settlement proposal.

■ The Georgia Workers' Compensation Act does not apply "to any person, firm, or private corporation ... that has regularly in service less than three employees in the same business within this state...." O.C.G.A. § 34–9–2(a) (Supp.1993). Through affidavit herein, Gernot Betts avers that he "generally had one or two employees on a part-time basis." G. Betts Affidavit, ¶ 2. In his ruling, however, the administrative law judge specifically determined that Defendants had three employees and that they were subject to the requirements of state workers' compensation law. Such a finding is essential to every workers' compensation award. *Greyhound Van Lines v. Collins,* 132 Ga.App. 806, 808, 209 S.E.2d 250 (1974); *see also Bradshaw v. Glass,* 252 Ga. 429, 314 S.E.2d 233 (1984); *McFadden Business Publications, Inc. v. Guidry,* 177 Ga.App. 885, 888, 341 S.E.2d 294 (1986).

■ The burden of proof on this issue rested on Plaintiff as claimant and he benefitted from no presumption. *See Goolsby v. Wilson,* 150 Ga.App. 611, 258 S.E.2d 216 (1979); *Sanders Truck Transp. Co. v. Napier,* 117 Ga.App. 561, 161 S.E.2d 440 (1968). Thus, the administrative law judge was required to determine whether Defendants came within the provisions of the Workers' Compensation Act as determined by the number of persons they employed. Based on the record presented to him and pursuant to state law, it appears that he concluded that sufficient evidence existed to support a finding on this issue.

■ Under Georgia law, the Workers' Compensation Board and its administrative judges are invested with original jurisdiction to determine workers' compensation claim liability and their unappealed decisions are binding. Defendants could have submitted evidence and put this matter in issue at the original hearing, but they chose not to do so. After entry of the award, their remedy was to file an appeal and they disregarded this procedure at their peril. The unreviewed award appears regular on its face and would be considered final by Georgia courts and not open to collateral attack. *See generally Churchwell Bros. Construction Co. v. Archie R. Briggs Construction Co.,* 89 Ga.App. 550, 554, 80 S.E.2d 212 (1954); *see also West Point Pepperell, Inc. v. Springfield,* 140 Ga. App. 530, 231 S.E.2d 811 (1976).

■ Further, in Georgia, a judgment by default is considered to be "on the merits" and is not subject to collateral attack on grounds that it is erroneous, as distinguished from a challenge based on an allegation that the original court lacked jurisdiction. *See Butler v. Home Furnishing Co.,* 163 Ga.App. 825, 296 S.E.2d 121 (1982); *see also Fierer v. Ashe,* 147 Ga.App. 446, 448, 249 S.E.2d 270 (1978); *compare Wright, supra,* 57 B.R. at 964. In the absence of fraud, the effectiveness of a summary or even a default judgment entered by a court having jurisdiction is not diminished by such character. In addition, entry of such a judgment does not deprive a litigant of his day in court because although a litigant must be afforded an opportunity to appear and be heard, that right

does not extend to the actual presentation of a case. *Fierer, supra,* 147 Ga.App. at 448, 249 S.E.2d 270.

■ The Court concludes that Georgia courts would accord preclusive effect to the findings of the administrative law judge. Notwithstanding this conclusion, because the compensation award was entered under conditions similar to an unopposed motion for summary judgment or a judgment by default, the Court will further review the circumstances surrounding its entry. *See Elliott, supra,* 478 U.S. at 799, 106 S.Ct. at 3226; *Cohen, supra,* 92 B.R. at 65; *and see Kremer, supra,* 456 U.S. at 482, 102 S.Ct. at 1898; *Montana v. United States,* 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 979 n. 11, 59 L.Ed.2d 210 (1979) ("Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.") In evaluating the overall procedural fairness which attended the prior litigation and the means by which a judgment was obtained, various factors have been considered.

■ For instance, courts have examined whether the party against whom a judgment was entered had the incentive to fully litigate the matter. Similarly, it should be determined whether the adverse litigant had sufficient notice that the issues decided would be given conclusive effect beyond the original proceedings. *See Cohen, supra,* 92 B.R. at 65–70; *see also Katahn Associates, Inc. v. Wien (In re Wien),* 155 B.R. 479, 485 (Bankr.N.D.Ill.1993). This inquiry is comparable in nature to the collateral estoppel consideration of whether the issue in question was actually litigated and determined in the prior proceeding.

In a similar context, liability determinations based on state court default judgments have been held entitled to preclusive effect by a bankruptcy court under 28 U.S.C. § 1738, although not all courts are in agreement on this question. *See e.g. Kelleran, supra,* 825 F.2d at 694; *In re Bocker,* 123 B.R. 164 (E.D.N.Y.1991); *Cohen, supra,* 92 B.R. at 67; *see also Naemi v. Naemi (In re Naemi),* 128 B.R. 273, 279 n. 6 (Bankr. S.D.Cal.1991); *In re Holiday Interval, Inc.,* 114 B.R. 177, 180–81 (Bankr.W.D.Mo.1989); *contra Nationwide Mutual Fire Insurance Co. v. Hale (In re Hale),* 155 B.R. 730, 736–37 (Bankr.S.D.Ohio 1993); *Brill v. Dvorak (In re Dvorak),* 118 B.R. 619, 625–26 (Bankr. N.D.Ill.1990). The *Kelleran* analysis builds on *Marrese, supra,* and holds that absent an exception to prevent operation of the preclusive effect accorded to a default judgment under state law, the prior liability determination is considered binding. *See Kelleran, supra,* 825 F.2d at 694; *Naemi, supra,* 128 B.R. at 278.

Such limitations include whether the judgment was procured through fraud or collusion or whether the original court lacked jurisdiction. *Kelleran, supra,* 825 F.2d at 694. Further, a bankruptcy court may go beyond a state court judgment to determine whether issues of fraud were litigated which are necessary to a determination of nondischargeability. *See e.g., Naemi, supra,* 128 B.R. at 279; *Holiday Interval, supra,* 114 B.R. at 180–81.[3]

■ As noted, federal courts are divided on the issue of the proper preclusive effect to be accorded state default judgments. Further, notwithstanding the Supreme Court's ruling in *Marrese, supra,* federal courts have not been uniform in deciding whether state or federal collateral estoppel rules should be applied. *Brownlee, supra,* 83 B.R. at 839.[4]

---

3. *Grogan, supra,* has been construed as holding that no such federal exceptions exist and that the issue is strictly one of state law. *See Johnson v. Keene (In re Keene),* 135 B.R. 162, 166–68 (Bankr.S.D.Fla.1991). This Court, however, does not interpret *Grogan* so broadly as to preempt full consideration of due process concerns. *See Naemi, supra,* 128 B.R. at 279 n. 6. *Accord Browning v. Navarro,* 887 F.2d 553, 563 (5th Cir.1989), *reh'g denied,* 894 F.2d 99 (1990); *Patino's, Inc. v. Poston,* 735 F.2d 866, 870 n. 3

(5th Cir.1984), *cert. denied,* 469 U.S. 1086, 105 S.Ct. 591, 83 L.Ed.2d 700 (1984).

4. The following items are required under federal issue preclusion or collateral estoppel:

(1) the issue at stake must be identical to the one involved in the prior litigation;

(2) the issue must have been actually litigated in the prior litigation; and

(3) the determination of the issue in the prior litigation must have been a critical and

The difference in these decisions centers on their analysis concerning whether issues are "actually litigated" in the case of a default judgment. The scope of that term has been narrowly and broadly defined using both state law and federal law standards. *See e.g. Johnson v. Keene, supra,* 135 B.R. at 166–68 (broad meaning under Florida law applied); *Melnick v. Seifert (In re Seifert )*, 130 B.R. 607 (Bankr.M.D.Fla.1991) (broad meaning used under federal test); *Wright, supra,* 57 B.R. at 966 (federal test stricter than Georgia test); *see also Wien, supra,* 155 B.R. at 485–86 (following broader view); *Dvorak, supra,* 118 B.R. at 625–26 (narrow view using federal test).

Some of these decisions rely on *Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981), as authority for an exception to application of full faith and credit under 28 U.S.C. § 1738. They conclude that collateral estoppel cannot bar relitigation because in a default judgment, issues are not actually litigated. Further, they reason that to accord preclusive effect to such findings would be contrary to the concerns expressed in *Brown v. Felsen, supra. See e.g. Hale, supra,* 155 B.R. at 736–37; *Cardenas v. Stowell (In re Stowell )*, 113 B.R. 322, 331 (Bankr.W.D.Tex.1990); *Ferguson v. Hall (In re Hall )*, 95 B.R. 553, 556–57 (Bankr.E.D.Tenn.1989); *accord Dvorak, supra,* 118 B.R. at 625–26.

This analysis, however, has been persuasively criticized in *Rally Hill Productions, Inc. v. Bursack (In re Bursack )*, 163 B.R. 302 (Bankr.M.D.Tenn.1994), citing *Harris v. Byard (In re Byard )*, 47 B.R. 700, 706–07 (Bankr.M.D.Tenn.1985). *Accord Wright, supra.* First, that court notes that a consideration of "actually litigated" is not addressed to the quality or quantity of evidence or argument presented. Instead, it only requires that an issue was effectively raised in the prior action, and that the adverse party had a fair opportunity to contest the issue. *Bursack, supra,* at 304. *See also Wien, supra,* 155 B.R. at 485–86; *Haase v. McClain (In re McClain )*, 138 B.R. 294, 297 (Bankr.

M.D.Fla.1992); *Keene, supra,* 135 B.R. at 166–68; *Seifert, supra,* 130 B.R. 607. An actual trial is not always required if the court is satisfied that the litigants' rights were fully and fairly protected, and a meaningful opportunity to prosecute or defend a case and litigate the issues was provided. *Pacific Energy and Minerals, Ltd. v. Austin (In re Austin )*, 93 B.R. 723, 727–28 (Bankr.D.Colo. 1988). Moreover, the basis of a judgment entered after a one-sided trial, caused when a party has notice of a pending hearing and fails to appear and present evidence and argument, is different from a pure default situation. In the latter case, issues may be deemed admitted without presentation of any proof at all due to a party's failure to answer or otherwise make an appearance in the action. *See Bishop v. Herwig (In re Herwig )*, 77 B.R. 662, 664 (Bankr.S.D.Ill.1987).

Secondly, as observed in *Bursack, supra,* at 305, the concern expressed in *Brown* was addressed to according preclusive effect to fact issues, critical to dischargeability determinations, that were unnecessarily and prematurely litigated in prior proceedings. When resolution of such issues is necessary to the state proceeding, however, issue preclusion may be properly applied because the litigants can reasonably foresee the potential conclusive effect which may result. *Bursack, supra,* at 305–06; *contra, Hale,* 155 B.R. at 736–37.

■■■■ This analysis leaves the special role of determining certain dischargeability issues, which Congress assigned to bankruptcy courts, intact while enforcing principles of repose and comity with respect to decisions made by state tribunals as described in *Marrese, supra. Accord Halpern,* 810 F.2d at 1064. As previously noted, although certain dischargeability issues are exclusively within the competence of the bankruptcy court, issue preclusion may be applied in reaching conclusions about various underlying facts. Further, although a state court judgment may be binding in terms of liability, this is

necessary part of the judgment in that earlier action.
*See Halpern v. First Georgia Bank (In re Halpern )*, 810 F.2d 1061, 1064 (11th Cir.1987); *Miller v. Held (In re Held )*, 734 F.2d 628, 629 (11th

Cir.1984). Additionally, differences in the burdens of persuasion must also be considered. *Hoskins v. Yanks (In re Yanks )*, 931 F.2d 42 (11th Cir.1991).

different from a determination of dischargeability. *See Comer v. Comer (In re Comer)*, 723 F.2d 737, 740 (9th Cir.1984); *Radermacher v. Sullivan (In re Sullivan)*, 122 B.R. 720 (Bankr.D.Minn.1991); *Cohen, supra*, 92 B.R. at 60; *Howard v. Coan (In re Coan)*, 100 B.R. 572 (Bankr.M.D.Fla.1989); *see also Kelleran, supra*, 825 F.2d at 695; *Naemi, supra*, 128 B.R. at 279; *accord Pepper v. Litton*, 308 U.S. 295, 305–08, 60 S.Ct. 238, 244–46, 84 L.Ed. 281 (1939).

▉ In this case, no allegations have been made that the administrative law judge's award was procured by fraud or collusion or that he lacked jurisdiction to enter the award. Further, the Court finds no federal law or policy which would prevent preclusive effect as provided under state law based on the circumstances in which the award was entered. Nothing in the record indicates that Defendants were denied a full and fair opportunity to defend themselves in the administrative law proceeding and litigate issues pertaining to Plaintiff's workers' compensation claim. The award does not appear to have been entered merely based on Defendants' default as a result of their failure to comply with a rule of procedure. Instead, it was entered after specific findings of fact were made on the record as required by state law based on the presentation of evidence on one side after Defendants failed to appear. The issue of Defendants' alleged liability was effectively raised and Defendants were put on notice regarding same.

The lack of a vigorous presentation of a defense by Defendants resulted from their decision to ignore a scheduled hearing. The record shows that they had actively participated in the state workers' compensation proceedings. Prior to entry of the compensation award, the Superior Court of Cherokee County, based on the parties' own request, entered a consent order and set aside a stipulation and settlement regarding Plaintiff's workers' compensation claim that had been approved by the State Board of Workers' Compensation. The matter was then remanded to the Board with the specific direction that an administrative law hearing be held and a decision rendered on Plaintiff's claim. Both Defendants appear to have

signed the order along with Plaintiff's counsel. *See* Exhibit "B." Subsequently, a hearing was convened and the administrative law judge specifically noted in the award that no one appeared on behalf of Defendants although Board records reflected that notice had been served on them and had not been returned. *See Bailey–Lewis–Williams of Georgia, Inc. v. Thomas*, 103 Ga.App. 279, 119 S.E.2d 141 (1961). Thereupon, an award was entered supported by findings of fact and conclusions of law based on the unrebutted evidence presented.

Defendants' argue that based on their understanding of the law, workers' compensation insurance requirements did not apply to them because they did not have ten regular employees. Further, they allege that they did not attend the hearing on the advice of counsel because of a settlement proposal with Plaintiff's attorney. *See* Affidavit of Gernot Betts. Yet, the file reflects no effort on their part to seek a de novo review of the award by the full Board, file an appeal, or seek to have the award vacated, reconsidered, or otherwise amended. *See* O.C.G.A. § 34–9–103. Instead, they merely decided to seek relief in the bankruptcy court again based on their attorney's advice.

▉ Notwithstanding this decision, based on their active participation in the administrative law proceeding and failure to appeal the adverse findings of the administrative law judge, they could have reasonably foreseen that the award would establish their liability to Plaintiff. Their failure to appeal as provided by statute prevented review of these findings and under state law the award became final and is not open to collateral attack in this Court. Moreover, this Court may not be used as an appellate tribunal to correct alleged errors in state administrative decisions through means of granting a bankruptcy discharge. *See e.g. Wien, supra*, 155 B.R. at 486.

▉ Although no part of the underlying record of the administrative hearing was presented to this Court, other than the award and prior superior court order, the award itself contains sufficiently detailed findings including the number of Defendants' employ-

**648**

ees. From the award and superior court order, the Court is able to evaluate the procedural fairness surrounding the entry of the award as well as the controlling facts and issues decided. Thus, a review of the entire record and all subsidiary facts is unnecessary. No irregularity or infirmity in connection with the entry of this award has been suggested and it appears to have been entered in conformity with state procedure and due process. *See* O.C.G.A. §§ 34–9–100, 34–9–102; *compare Hart v. Owens–Illinois, Inc.,* 165 Ga.App. 681, 302 S.E.2d 701 (1983); *Thomas, supra,* 103 Ga.App. 279, 119 S.E.2d 141; *accord Kremer, supra,* 456 U.S. at 481–83, 102 S.Ct. at 1897–99. Further, the Court is able to conclude from the administrative judge's ruling that the elements necessary to support a determination of liability under workers' compensation law were actually considered and determined. *See generally* O.C.G.A. § 34–9–102; *Hunnicutt v. Wellever (In re Wellever),* 103 B.R. 856, 859 (Bankr. W.D.Mich.1989).

 Moreover, Defendants cannot escape the effect of administrative or court rulings by blaming counsel. Despite their attorney's advice "that he had a settlement proposal" (Betts Affidavit ¶ 5) with Plaintiff's counsel, they were on notice that a determination was going to be entered on this claim at the hearing because their previous settlement agreement with Plaintiff had been set aside. No evidence has been presented to indicate that this proposal had become finalized before that hearing. Further, they are accountable for their attorney's decision that an appearance at the hearing was not necessary. *See generally Cole v. Lucas,* 201 Ga.App. 423, 411 S.E.2d 284 (1991), *cert. denied,* (Ga. Nov. 1, 1991); *Aycock v. Hughes,* 189 Ga.App. 838, 377 S.E.2d 689 (1989); *Sears v. Citizens Exchange Bank,* 166 Ga.App. 840, 305 S.E.2d 609 (1983); *see also Pioneer Investment Services Co. v. Brunswick Associates,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Based on the foregoing reasoning, the Court concludes that the standards set forth in *Elliott, supra,* and *Utah Construction, supra,* have been satisfied and that the factfinding of the administrative law judge is entitled to preclusive effect in these proceedings.

*See e.g. El Tropicano, Inc. v. Garza (In re El Tropicano, Inc.),* 128 B.R. 153, 159–60 (Bankr.W.D.Tex.1991). Accordingly, those findings that Defendants' failed to provide workers' compensation insurance as required by state law, and that Plaintiff's injuries were compensable and should have been timely paid by Defendants may not be relitigated herein.

 No specific findings, however, were made concerning Defendants' subjective state of mind in failing to provide workers' compensation insurance and in regard to Plaintiff's subsequent injury. The administrative law judge concluded that Defendants' nonappearance at the hearing constituted an admission that their failure to accept Plaintiff's claim as compensable was without reasonable grounds. Even if this admission could somehow be construed as equivalent to a finding of willfulness, however, it does not appear that the issues were identical or that the standard applied is the same as this Court must use under Section 523(a)(6). Further, such an issue was not necessary to determining liability. Thus, collateral estoppel is not applicable as to the issue of Defendants' intent.

 To prevail on his motion, Plaintiff must identify those evidentiary materials listed in Fed.R.Civ.P. 56(c) that establish the absence of a genuine issue of material fact on this remaining issue. Through their uncontroverted affidavits, Defendants assert that based on past experience, they understood that they did not have to provide such insurance because they did not have at least 10 full time employees. Although ignorance of the law is generally not a valid excuse for noncompliance, in considering a summary judgment motion the Court cannot make findings as to credibility or weigh the evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–51, 255, 106 S.Ct. 2505, 2510–12, 2513–14, 91 L.Ed.2d 202 (1986). Further, in determining whether there is a genuine issue of material fact, the Court must view the evidence in the light most favorable to the party opposing the motion. *Hershey v. City of Clearwater,* 834 F.2d 937, 941 (11th Cir.1987); *Clark, supra,* 692 F.2d at 1372.

In accordance with these standards, the evidence supports the inference that Defendants were either negligent in failing to provide workers' compensation insurance, or recklessly disregarded their statutory duty to do so and the resulting risk created with regard to their employees' financial security. Although such a showing may establish maliciousness, it does not demonstrate the intent required under Section 523(a)(6). *See American Cast Iron Pipe Co. v. Wrenn (In re Wrenn)*, 791 F.2d 1542, 1544 (11th Cir.1986).

In construing Section 523(a)(6), several competing lines of authority have developed regarding the proper standards for analyzing whether the necessary showing has been made to establish willfulness. For instance, it has been held that based on the language of the statute, the appropriate focus should be on the intent to cause the injury rather than the intent to perform the act which results in the injury. *See Hampel, supra*, 110 B.R. at 92–93; *accord Wrenn, supra.* Under this reasoning, an employer's failure to provide workers' compensation insurance, no matter how deplorable, is only part of the causative chain. A further, independent act causing physical injury to the worker is necessary before actual financial loss is caused due to a lack of proper insurance coverage. Thus, if the employer intended to do the act subject to complaint, but did not intend to cause the resulting injury or unleash an unbroken chain of events which led to such a result, "willful and malicious injury" under Section 523(a)(6) has not been established. *See Hampel, supra*, 110 B.R. at 93; *see also Wood Peek v. Mazander (In re Mazander)*, 130 B.R. 534, 536–37 (Bankr.E.D.Mo.1991); *Denehy v. Zalowski (In re Zalowski)*, 107 B.R. 431 (Bankr.D.Mass.1989).

In contrast, however, it has been held that a knowing and willful disregard of a statutory duty to provide workers' compensation insurance violates an employee's property rights in such coverage. *See Hester v. Saturday (In re Saturday)*, 138 B.R. 132 (Bankr.S.D.Ga.1991); *see also Strauss v. Zielinski (In re Strauss)*, 99 B.R. 396, 400 (N.D.Ill.1989); *Juliano v. Holmes (In re Holmes)*, 53 B.R. 268 (Bankr.W.D.Pa.1985); *accord In re Whipple*, 138 B.R. 137, 140–41 (Bankr.S.D.Ga.1991). Under this rationale, although a failure to provide insurance does not cause physical injury to the worker, it is nonetheless foreseeable that such injuries will occur. Further, the failure to provide workers' compensation insurance necessarily causes economic harm to any worker who is injured because he will not be compensated. Thus, when a debtor acts in such a wrongful way, and deliberately fails to provide such insurance in spite of his awareness or knowledge thereof, he is held to have acted willfully and with malice. *Hester, supra*, 138 B.R. 132.

Although Defendants did not cause Plaintiff's physical injury, their failure to provide insurance undoubtedly frustrated a recovery based on his workers' compensation award. The Court understands the predicament in which Defendants have left the Plaintiff. Dischargeability exceptions, however, are to be strictly construed. *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir.1986). Upon review of the statutory language and case authority, and consistent with congressional intent, this Court concludes, as in *Hampel, supra*, that willfulness under Section 523(a)(6) requires a showing that Defendants acted knowingly with respect to the financial harm caused as a result of their conduct.

Such behavior is more culpable than acting negligently, even egregiously so, or recklessly disregarding a duty to protect a person's economic interests and expectancies through workers' compensation insurance. *See Rebhan, supra*, 842 F.2d at 1262–63; *Wrenn, supra*, 791 F.2d at 1544; *Mazander, supra*, 130 B.R. at 536–37; *Denehy, supra*, 107 B.R. at 433–34. Thus, although injury may occur as a result of a debtor's recklessness or negligence, only liability arising as a result of more blameworthy conduct appears to have been singled out by Congress as potentially nondischargeable. Hence, even if Defendants willfully and wrongfully failed to obtain the necessary insurance coverage, it still must be established that they intended or knew with substantial certainty that their conduct would necessarily cause harm to Plaintiff or his property rights. *See generally Mazander, supra*, 130 B.R. at 536–37.

Certainty is evaluated in terms of Defendants' knowledge and the likelihood of Plaintiff suffering a compensable injury while

he was uninsured. *See Hampel, supra,* 110 B.R. at 91–93. The fact that it was foreseeable that financial loss would necessarily be caused as a result of their failure to carry insurance if an accident occurred does not end the inquiry. It was likely that Plaintiff would never be involved in an accident giving rise to such a claim. Merely knowing that such financial harm might result is not the degree of culpability which supports a determination of nondischargeability under Section 523(a)(6). It must be shown that such a result was intended or that Defendants were certain that it would occur and this will require an examination of the basis of their understanding as to their state law duties. Thus, there is an issue of material fact on this issue.

In sum, the liability determination and amount of Defendants' debt to Plaintiff as set forth in the administrative law judge's award is entitled to preclusive effect and may not be relitigated herein. Plaintiff has failed to establish the requisite elements of collateral estoppel as to nondischargeability, however, and the record does not otherwise support such a determination as a matter of law.

Accordingly, for the foregoing reasons, it is

**ORDERED** that Plaintiff's request for oral argument on his motion for summary judgment is **DENIED;** and it is

**FURTHER ORDERED** that Defendants' liability having been finally adjudicated and determined in certain state administrative law proceedings, Plaintiff's motion for summary judgment is **GRANTED** to the extent of the existence, validity, and amount of Defendants' debt, but is **DENIED** as to the alleged nondischargeable character of that debt under 11 U.S.C. § 523(a)(6).

Finally, it appearing that Defendants have now been deposed, Plaintiff's motion to compel discovery is **DENIED** as having been rendered moot.

This matter will be set for trial on separate written notice on the limited issue as discussed herein.

**IT IS SO ORDERED.**