**In re Peter J. WRENN, Debtor.**

**AMERICAN CAST IRON PIPE COMPANY, Plaintiff-Appellee,**

v.

**Peter J. WRENN, Defendant-Appellant.**

**No. 85–7428.**

United States Court of Appeals, Eleventh Circuit.

June 25, 1986.

Ralph E. Coleman, Birmingham, Ala., for defendant-appellant.

F.A. Flowers, III, Michael Lee Lucas, Birmingham, Ala., for plaintiff-appellee.

Before TJOFLAT and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

In 1976, Wrenn filed a pro se Title VII suit against his employer, American Cast Iron Pipe Co. ("ACIPCO"), charging discrimination against ACIPCO in failing to promote Wrenn to certain positions in the company. A trial on the merits was held in 1981 and the district court entered judgment in favor of ACIPCO. Wrenn re-

mained pro se throughout the trial proceedings. In the final two paragraphs of his opinion, district court Judge McFadden stated:

> The non-promotion of Wrenn to a supervisory position or to a job in the engineering department was due to Wrenn's poor performance on other jobs, his lack of demonstrated competence, and to his poor health, and does not constitute an unlawful employment practice under Title VII. The company did not harass Wrenn or subject him to any reprisals as a result of his filing charges with the EEOC.

> As the court noted at the conclusion of the evidence, the plaintiff totally failed to sustain his burden of proof of discrimination, even given a very liberal allowance for the fact that he appears *pro se.* There is no credible evidence on which the court could find even a prima facie case of racial discrimination in this action and the action is totally frivolous.

A hearing was held in August, 1982 before Judge Hancock who was assigned the case after Judge McFadden retired from the bench. Judge Hancock concurred in Judge McFadden's finding of fact that Wrenn's Title VII action was "totally frivolous." Record on Appeal at 146. Judge Hancock further found that ACIPCO should be awarded costs and attorney's fees as the prevailing party. Judge Hancock ordered Wrenn to pay ACIPCO $20,000 in attorney's fees and $480 in costs.

In an effort to satisfy the judgment entered in its favor, ACIPCO filed a writ of garnishment in order to garnish Wrenn's wages. Wrenn subsequently filed a petition in bankruptcy which automatically stayed the garnishment. In this petition, Wrenn listed only one creditor, ACIPCO, and only one debt, the $20,480 judgment debt. On the same day that he filed his petition, Wrenn also filed a motion for release of garnishment. ACIPCO opposed Wrenn's motion for release of garnishment and filed a motion for summary judgment on the ground that the debt was not dischargeable in bankruptcy because it was the result of "willful and malicious injury" within the meaning of § 523(a)(6) of the Bankruptcy Code. After notice and a hearing, the bankruptcy court denied ACIPCO's motion for summary judgment, holding that the judgment was dischargeable in bankruptcy. The bankruptcy court also ordered ACIPCO to release its garnishment and voided the judgment lien.

ACIPCO appealed the bankruptcy court decision and the district court reversed. Quoting *Collier on Bankruptcy,* the district court noted that " 'a wrongful act done intentionally, which necessarily produces harm and is without just cause and excuse, may constitute a willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).' " Record on Appeal at 187. The district court then reasoned that because Wrenn's filing of a wholly frivolous suit is wrongful, and since the harm suffered by ACIPCO is a necessary result of Wrenn's Title VII suit, Wrenn's action was the equivalent of a "willful and malicious abuse of the court processes" for the purposes of determining the dischargeability of his judgment debt under 11 U.S.C. § 523(a)(6). Consequently, the district court held that Wrenn's debt to ACIPCO was not dischargeable.

Because we disagree with the district court's assumption that filing a frivolous lawsuit is necessarily wrongful for purposes of 11 U.S.C. § 523(a)(6), we reverse the district court's holding of nondischargeability. We remand this case to the district court for an application of the correct legal standard.

■ 11 U.S.C.A. § 523(a)(6) provides that "[a] discharge under § 727, 1141, or 1328(b) of this Title does not discharge an individual debtor from any debt—... for a willful and malicious injury by the debtor to another entity or to the property of another entity." The legislative history of this section, though brief, is instructive.

> Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell,* 193 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

House of Representatives Report No. 595, 95th Cong., 1st Sess. 365 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6320–21. The legislative history makes clear that an act in reckless disregard of the rights of others is insufficient to constitute "willful and malicious" conduct for purposes of 11 U.S.C. § 523(a)(6). Decisions of this and other circuits have so held. *Miller v. Held,* 734 F.2d 628, 629–30 (11th Cir.1984); *Barclays American/Business Credit, Inc. v. Long,* 774 F.2d 875, 881 (8th Cir.1985); *Farmers Insurance Group v. Compos,* 768 F.2d 1155, 1157 (10th Cir.1985); *Kelt v. Quesada,* 718 F.2d 121, 122–23 (5th Cir.1983), *cert. denied,* 467 U.S. 1217, 104 S.Ct. 2662, 81 L.Ed.2d 368 (1984).

[redacted] Under the standard enunciated in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), a court may award costs and attorney's fees to a prevailing Title VII defendant if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Judge McFadden's conclusion that Wrenn's Title VII action was frivolous is consistent with the possibility that Wrenn merely acted in reckless disregard of the rights of ACIPCO. Because recklessness is insufficient to support a finding of "willful and malicious" injury under 11 U.S.C. § 523(a)(6), *see Held, supra,* the district court was incorrect in equating, without further inquiry, Wrenn's filing and continued pursuit of a frivolous lawsuit with the "willful and malicious" dischargeability standard.[1]

We remand this case to the district court for a determination of the dischargeability issue pursuant to the correct legal standards. For the foregoing reasons, the decision of the district court is

REVERSED and REMANDED.

[redacted]

1. Since recklessness is insufficient to support a finding of "willful and malicious" conduct, *a fortiori* it would be insufficient if Wrenn merely should have known the suit was frivolous. We note that the district court did not even find that Wrenn should have known the suit was frivolous; the district court found no more than that the suit was frivolous in fact.