In re Derrick W. BALLARD, Debtor.

**Cora MYRICK, Plaintiff,**

v.

**Derrick W. BALLARD, Defendant.**

Bankruptcy No. A92–77451–REB.
Adv. No. 93–6037.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 24, 1994.

Ralph Goldberg, Decatur, GA, for plaintiff.

## *ORDER*

ROBERT E. BRIZENDINE, Bankruptcy Judge.

This adversary proceeding is before the Court on Plaintiff's motion for summary judgment. Plaintiff seeks a determination that a certain liability in the amount of $15,-

000 be excepted from discharge under 11 U.S.C. § 523(a)(6). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Upon consideration of the motion and the record, and for the reasons set forth below, the Court concludes that Plaintiff's motion should be denied and that summary judgment should be entered in favor of Defendant–Debtor.

Plaintiff's claim is based on a state court judgment against Defendant arising from an automobile accident in which Defendant lost control of his car and injured Plaintiff on May 27, 1991. In its Order, filed on September 3, 1992, the Superior Court of DeKalb County, Georgia concluded that although it could not find that Defendant intentionally injured Plaintiff, it did find that he was travelling too fast at the time of the accident. The court further found that operating an automobile at such an excessive rate of speed, coupled with the rainy conditions which existed on the night of the accident, "would necessarily cause injury and did so without just cause or excuse." *See* Exhibit "A" attached to Plaintiff's request for admissions.

Defendant was not insured at the time of the accident and Plaintiff has incurred medical bills that she may not be able to pay. She contends that Defendant's failure to purchase the minimum required automobile liability insurance constitutes a willful and intentional tort. She argues that although he may not have intended to collide with her, Defendant knew that he lacked the ability to compensate anyone who was harmed as a result of his negligence in operating an automobile. Further, she asserts that it is not an understandable risk to be injured in an automobile accident without any possibility of compensation just as it is not understandable to be injured by a drunk driver. *See In re Whipple*, 138 B.R. 137 (Bankr.S.D.Ga.1991); *see also State Farm Mutual Automobile Insurance Co. v. Fielder (In re Fielder)*, 799 F.2d 656 (11th Cir.1986); *Impulsora Del Territorio Sur, S.A. v. Cecchini (In re Cecchini)*, 780 F.2d 1440 (9th Cir.1986); *Hester v. Saturday (In re Saturday)*, 138 B.R. 132 (Bankr.S.D.Ga.1991).

■ Defendant admits that he intentionally drove his car on May 27, 1991 even though he was aware of the fact that he did not have automobile insurance coverage. He claims, however, that even if he was driving in a negligent or reckless manner, Plaintiff has failed to establish that she is entitled to summary judgment under 11 U.S.C. § 523(a)(6). This subsection provides as follows:

> A discharge under section 727 ... does not discharge an individual debtor from any debt—
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). A creditor must prove these elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ Under this provision, a plaintiff must establish two different mental traits. First, "willful" is defined as intentional or deliberate. The second part of the test, maliciousness, is defined in terms of wrongfulness and without just cause. Although a finding of recklessness or reckless disregard will establish malice, it is not sufficient to show willfulness. *See Blashke v. Standard (In re Standard )*, 123 B.R. 444, 449 (Bankr. N.D.Ga.1991). Further, constructive or implied malice may be established by showing that a debtor proceeded to perform an act with knowledge that it would harm the interest of another. Knowledge may be proven by inference and a specific intent to harm the plaintiff or actual ill-will is not required under this second part of the test under Section 523(a)(6). *See Lee v. Ikner (In re Ikner )*, 883 F.2d 986, 991 (11th Cir.1989); *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1263 (11th Cir.1988).

■ In accordance with these standards, the evidence supports the conclusion that Defendant was either negligent in driving without insurance, or recklessly disregarded his duty to do so and the resulting risk created with regard to the financial security of anyone injured as a result of his operation of an automobile. Although such a showing may establish maliciousness, it does not demonstrate the intent required under Section 523(a)(6). *See American Cast Iron Pipe Co.*

**300**

v. Wrenn (*In re Wrenn* ), 791 F.2d 1542, 1544 (11th Cir.1986).

In construing Section 523(a)(6), the appropriate focus should be on intent to cause the injury rather than the intent to perform the act which results in an injury. *See e.g. Eaves v. Hampel* (*In re Hampel* ), 110 B.R. 88, 92–93 (Bankr.M.D.Ga.1990); *accord Wrenn, supra.* Under this reasoning, the failure to maintain insurance, no matter how deplorable or inexcusable, is only part of the causative chain. A further, independent act causing physical injury is necessary before actual financial loss or impairment of a resulting right of recovery is caused due to a lack of proper insurance coverage. *See Hampel, supra; contra Whipple, supra,* 138 B.R. at 141. Thus, if the Defendant intentionally drove his car with knowledge that he lacked automobile insurance, but neither intended to cause the resulting injury or unleashed an unbroken chain of events which led to such a result, "willful and malicious injury" under Section 523(a)(6) has not been established. *See Pechar v. Moore,* 98 B.R. 488 (D.Neb.1988).

Defendant did cause Plaintiff's physical injury and his failure to carry insurance undoubtedly has frustrated a recovery based on her state court judgment. The Court understands the predicament in which Defendant has left the Plaintiff. Dischargeability exceptions, however, are to be strictly construed. *Schweig v. Hunter* (*In re Hunter* ), 780 F.2d 1577, 1579 (11th Cir.1986). Upon review of the statutory language and case authority, and consistent with congressional intent, this Court concludes, as in *Hampel, supra,* that willfulness under Section 523(a)(6) requires a showing that Defendant acted knowingly with respect to the financial harm caused as a result of his conduct.

Such behavior is more culpable than acting negligently, even egregiously so, or recklessly disregarding a duty to protect a person's economic interests and expectancies through liability insurance. *See Rebhan, supra,* 842 F.2d at 1262–63; *Wrenn, supra,* 791 F.2d at 1544. Only liability arising as a result of more blameworthy conduct appears to have been singled out by Congress as potentially nondischargeable. Hence, even if Defendant willfully and wrongfully failed to obtain the necessary insurance coverage, it still must be established that he intended or knew with substantial certainty that his conduct would necessarily cause harm to Plaintiff or her property rights.

Certainty is evaluated in terms of Defendant's knowledge and the likelihood of Plaintiff suffering a compensable injury while he was uninsured. *See Hampel, supra,* 110 B.R. at 91–93. The fact that it was foreseeable that financial loss would necessarily be caused as a result of his failure to carry insurance if an accident occurred does not end the inquiry. It was likely that Plaintiff would never be involved in an accident giving rise to such a claim. Merely knowing that such financial harm might result is not the degree of culpability which supports a determination of nondischargeability under Section 523(a)(6). It must be shown that such a result was intended or that Defendant was certain that it would occur. If this showing can be made, his liability will be nondischargeable.

Decisions such as *Fielder, supra,* 799 F.2d 656, are distinguishable because they involved injuries suffered directly as a result of drunk driving which is not alleged herein. In these cases, a debtor's intentional drinking and driving while intoxicated constitutes sufficiently intentional conduct to support a finding of willfulness and malice under Section 523(a)(6) because it unleashes an uninterrupted causative chain which leads to the plaintiff's injury. *See also Moraes v. Adams,* 761 F.2d 1422, 1427 (9th Cir.1985); *Hampel, supra,* 110 B.R. at 93. Congress has specifically addressed the nondischargeability of liability arising from this type of injury in Section 523(a)(9), but it otherwise left the standard set forth in Section 523(a)(6) intact. *Hampel, supra; accord Fielder, supra,* 799 F.2d at 660–61.

Finally, although the state court determined that the manner of Defendant's driving coupled with the attendant rainy, dark conditions "would necessarily cause injury ..." it specifically concluded that it

could not find that Defendant had intended to injure Plaintiff. Dischargeability determinations under Section 523(a)(6) are exclusively committed to the bankruptcy court although preclusive effect may be accorded to the findings of fact by the state court. Nonetheless, this Court concludes that the evidence still does not establish the requisite intent within the meaning of this provision.

 Additionally, through uncontroverted affidavit, it appears that Defendant's conduct at the most, demonstrates negligence or recklessness in the operation of his automobile. Thus, even if he intentionally drove his car while knowingly disregarding the fact that he had no insurance, Plaintiff has failed to show the existence of a genuine issue of material fact in terms of whether Defendant had the necessary subjective state of mind in relation to Plaintiff's subsequent injuries. When a non-moving party is entitled to judgment as a matter of law, summary judgment may be awarded in favor of the nonmovant. *See Bosarge v. U.S. Department of Education*, 5 F.3d 1414, 1416 (11th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 2720, 129 L.Ed.2d 845 (1994).

Based on the above reasoning, the Court concludes that Plaintiff has failed to establish that the debt in question is nondischargeable as a matter of law. Therefore, it is

**ORDERED** that Plaintiff's motion for summary judgment is **denied;** and it is

**FURTHER ORDERED** that summary judgment is **granted** in favor of Defendant and against Plaintiff and that certain portion of the indebtedness of Defendant to Plaintiff, based on a judgment entered by the Superior Court of DeKalb County, Georgia, in the amount of $15,000 is **dischargeable** and the dischargeability of same is not denied by reason of the provisions of 11 U.S.C. § 523(a)(6).

The Clerk is directed to serve a copy of this Order upon counsel for Plaintiff, counsel for Defendant, and the Chapter 7 Trustee.

**IT IS SO ORDERED.**