In re Robert James HILL, Debtor.

Andrew Doughty, Plaintiff,

v.

Robert James Hill, Defendant.

Bankruptcy No. 00–1047–3P7.
Adversary No. 00–180.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 26, 2001.

Cynthia C. Jackson, Jacksonville, FL, for Plaintiff.

John B. Macdonald, Jacksonville, FL, for Defendant.

Gordon P. Jones, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon Plaintiff's Motion for Summary Judgment as to Count III of the Complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).[1] After a hearing on October 24, 2000 and upon the submissions of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. In 1988, Defendant and others instituted an action in California state court against Plaintiff, styled *Hilltop Entertainment, Inc., et al v. Andrew Doughty, et al.,* Case No. C682611 (the "State Court Action"). Plaintiff filed a cross-claim in the State Court Action against Defendant and other cross-defendants for, inter alia, fraud and intentional infliction of emotional distress.

2. In December, 1991, after a five week jury trial, the jury entered a verdict

---

1. The complaint consisted of three counts: Count I was an action pursuant to 11 U.S.C. § 727(a)(2)(A). Count II was an action pursuant to § 727(a)(3). Count III was an action pursuant to §§ 523(a)(2), (a)(4), and (a)(6). At the hearing on the Motion for Summary Judgment, Plaintiff, with the consent of Defendant, dismissed Counts I and II. Additionally, the parties agreed that the § 523(a)(4) claim contained disputed issues of fact and was therefore not ripe for summary judgment. Accordingly, the Court only addresses the dischargeability of the debt pursuant to §§ 523(a)(2) and (a)(6).

against Defendant and in favor of Plaintiff finding, inter alia, that Defendant made false representations to Plaintiff or engaged in fraudulent conduct, that Defendant committed intentional infliction of emotional distress, and that Defendant's conduct entitled Plaintiff to punitive damages. (Pl.'s Ex. B.)

3. The trial of the State Court Action was bifurcated between liability and damages. As a result, the instructions on punitive damages were given only after the jury rendered an earlier verdict on the issue of fraud and intentional infliction of emotional distress claims. (Pl.'s Ex. A.)

4. In the damages phase of the trial, the jury assessed the following damages in favor of Plaintiff and against Defendant: (i) $229,025.00 in compensatory economic damages for fraud, (ii) $50,000.00 in non-economic damages for fraud, (iii) $25,000.00 for emotional distress, and (iv) $1,000,000.00 in punitive damages. (Pl.'s Ex. B.)

5. After resolution of various post-trial motions and appeals, the jury verdict was affirmed and Plaintiff was granted a new trial against Defendant for the sole purpose of determining additional compensatory damages for fraud. (Pl.'s Exs. G, K, N, O.)

6. Prior to the commencement of the trial to determine the additional compensatory fraud damages for the previously adjudicated liability, Plaintiff and Defendant entered into a stipulated judgment for $3,000,000.00 (the "2000 Consent Judgment"). (Pl.'s Ex. Q.)

7. As a result of the 1991 Judgment and the 2000 Consent Judgment, Defendant owes Plaintiff compensatory damages of $3,304,025.00 and punitive damages of $1,000,000.00. (Pl's Exs. B, Q.)

## CONCLUSIONS OF LAW

### Summary Judgment Standard

Federal Rule of Civil Procedure 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, provides for the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C); FED. R. BANKR. P. 7056.

The burden of proof with respect to a motion for summary judgment rests with the moving party. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the non-moving party must then establish an essential element of its case for which it bears the burden of proof. *Id.* at 322, 106 S.Ct. 2548. Absent such a showing, there is no genuine issue of material fact. *Id.* at 322–23, 106 S.Ct. 2548. However, the requirement for a genuine issue of material fact is not satisfied by the simple existence of a dispute between the parties. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

When a motion for summary judgment is at issue, the Court is required to view the facts in the light most favorable to the non-moving party. *Macks v. United States (In re Macks),* 167 B.R. 254, 256 (Bankr.M.D.Fla.1994) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90

S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). If the Court then determines that reasonable minds can come to but one conclusion, and that conclusion is in favor of the moving party, the Court must enter the judgment. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. However, if reasonable minds could reach a different conclusion, the Court must decline to enter the judgment. *Id.* at 250–51, 106 S.Ct. 2505.

Plaintiff contends that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law because the application of collateral estoppel to the 1991 Judgment and the 2000 Consent Judgment precludes Defendant from disputing that the debt is non-dischargeable.

■■■ The principles of collateral estoppel apply in exception to discharge proceedings. *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Lang v. Vickers (In re Vickers)*, 247 B.R. 530, 534 (Bankr.M.D.Fla.2000). In considering whether to give preclusive effect to state court judgments, federal courts must apply that state's law of collateral estoppel. *Vickers*, 247 B.R. at 534.

■■■ The relevant state law in this case is California law. Under California law, the elements of collateral estoppel are: (i) the issue at stake is identical to the issue in the former proceeding, (ii) the issue at stake was actually litigated in the former proceeding, (iii) the issue was decided in the former proceeding, (iv) the judgment in the former proceeding is a final judgment on the merits, and (v) the party against whom preclusion is sought is the same party as in the former proceeding. *Molina v. Seror (In re Molina)*, 228 B.R. 248, 250 (9th Cir. BAP 1998).

■■■ The issues at stake are identical for collateral estoppel purposes if the elements of proof in this proceeding closely mirror the elements of proof required in the state court action. *Clark v. Allen (In re Allen)*, 206 B.R. 602, 605 (Bankr. M.D.Fla.1997). To make this determination, the Court must examine the instructions and questions that were presented to the jury, and the case law outlining the requirements for proving each issue. *Id.*

### 1991 State Court Judgment

### I. Compensatory economic and non-economic damages for fraud

#### A. Identicalness of Issues in the State Court Action and the Dischargeability Proceeding— § 523(a)(2)(A)

■■■ Plaintiff argues that the compensatory economic and non-economic damages for fraud are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[2] In order to except a debt from discharge under 11 U.S.C. § 523(a)(2)(A), Plaintiff must prove: (1) that Defendant made a false representation or engaged in actual fraud with the purpose and intent of deceiving Plaintiff; (2) that Plaintiff justifiably relied upon the representation or conduct; and (3) that Plaintiff sustained a loss as a result of the representation. *Vickers*, 247 B.R. at 535.

---

**2.** Section 523(a)(2)(A) provides, in relevant part that:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insiders financial condition;

11 U.S.C. § 523(a)(2)(A) (West 2001).

The jury was presented with two varying definitions of fraud under California law. The first definition presented to the jury was common law fraud which defines fraud as: (i) a knowing misrepresentation, (ii) intent to defraud, (iii) justifiable reliance, and (iv) damages. (Pl's Ex. A at 2083–87.) The second definition of fraud presented to the jury was the one set forth in California's Civil Code § 3294 which defines fraud as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." CAL. CIV. CODE § 3294 (West 1991). Importantly, the California common law definition of fraud requires a finding of reliance while the Civil Code definition does not.

The elements of California common law fraud mirror the elements of § 523(a)(2)(A) and are thus identical for collateral estoppel purposes. *Younie v. Gonya, (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997), *aff'd*, 163 F.3d 609 (9th Cir.1998). However, Defendant argues that it is impossible to determine whether the jury relied upon the California common law definition or the California Civil Code definition of fraud and therefore impossible to determine whether the jury found that Plaintiff justifiably relied on Defendant's misrepresentations. Defendant argues that both the jury instructions and the special verdict form demonstrate a lack of identicalness of elements between the two proceedings. Plaintiff argues that because the trial was bifurcated as to liability and damages, the court necessarily distinguished between the two definitions of fraud when it instructed the jury. Plaintiff argues that the California

Civil Code § 3294 was given to the jury only in connection with the jury's determination of punitive damages.

After a thorough review of the jury instructions and the special verdict form, the Court finds that the trial was bifurcated and that the jury relied on the common law definition of fraud in reaching its verdict. Because the elements of common law fraud closely mirror the elements of 11 U.S.C. § 523(a)(2)(A), the issue at stake in this proceeding is identical to the issue in the state court proceeding, regarding compensatory economic damages for fraud and non-economic damages for fraud.

## B. Actually Litigated and Decided, Final Judgment, Identical Party

Defendant also argues that the Court cannot determine whether the elements of common law fraud were actually litigated and decided. Because the issues were the subject of a five week jury trial, the Court finds that they were actually litigated and decided. Additionally, it is undisputed that the 1991 state court judgment is a final judgment and that Defendant is the identical party against whom preclusion is sought. Because all of the elements of collateral estoppel are satisfied, Defendant is precluded from disputing that the compensatory economic damages for fraud and non-economic damages for fraud are non-dischargeable under 11 U.S.C. § 523(a)(2)(A).[3]

## II. Intentional Infliction of Emotional Distress

### A. Identicalness of Issues in the State Court Action and the Dischargeability Proceeding— § 523(a)(6)

 Plaintiff argues that the damages for intentional infliction of emotional dis-

---

**3.** Having determined that the compensatory economic damages for fraud and non-economic damages for fraud are non-dischargea-

ble pursuant to § 523(a)(2)(A), the Court need not address whether they are also non-dischargeable pursuant to § 523(a)(6).

tress are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). Section 523(a)(6) provides, in relevant part, that a discharge under § 727 will not discharge an individual from any debt caused by "[the] willful and malicious injury by the debtor to another entity or to the property of another entity;" 11 U.S.C. § 523(a)(6) (2001). Therefore, to be successful under this subsection, Plaintiff must show: (1) an intentional action by the Defendant; (2) done with intent to harm; (3) which causes damage (economic or physical) to the Plaintiff; and (4) the injury is the approximate result of the action by the Defendant. *Citizens First Nat'l Bank v. Hunter (In re Hunter)*, 229 B.R. 851, 860 (Bankr. M.D.Fla.1999).

■ Plaintiff asserts that the elements of intentional infliction of emotional distress under California law closely mirror the requirements for excepting a debt from discharge under § 523(a)(6). The elements of intentional infliction of emotional distress under California law are:

(i) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard for the probability of causing, emotional distress;

(ii) the plaintiff suffered severe emotional distress;

(iii) the defendant's outrageous conduct was a proximate cause of the emotional distress suffered by the plaintiff.

(Pl.'s Ex. A at 2088–89.)

Defendant argues that the elements of intentional infliction of emotional distress do not closely mirror § 523(a)(6) because a finding of intentional infliction of emotional distress can be made upon a showing of reckless disregard and reckless disregard

does not satisfy the willful requirement of § 523(a)(6).[4] The Second Restatement of Torts § 500 contrasts recklessness and intentional misconduct:

Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless. However, a strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results.

RESTATEMENT (SECOND) OF TORTS § 500 cmt. f (1965).

It is clear that an act in reckless disregard of the rights of others does not constitute willful and malicious conduct for the purposes of § 523(a)(6). *American Cast Iron Pipe Co. v. Wrenn (In re Wrenn)*, 791 F.2d 1542, 1544 (11th Cir.1986); *See also Kawaauhau v. Geiger*, 523 U.S. 57, 63, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (holding that § 523(a)(6) requires a specific intent to injure and that recklessly inflicted injuries are insufficient). Because the jury's finding of intentional infliction of emotional distress could have based upon a finding of reckless disregard, the elements of intentional infliction of emotional distress under California law do not closely mirror the requirements for excepting a debt from discharge under § 523(a)(6). Accordingly, collateral estoppel does not apply to the jury's finding of intentional infliction of emotional distress. The Court need not

---

4. The jury instructions provide that "a defendant's conduct is in reckless disregard of the probability of causing emotional distress if he has knowledge or a high degree of probability that emotional distress will result and acts with deliberate disregard of that probability or with a wanton disregard of the probable results." (Pl.'s Ex. A at 2089–91.)

address whether the remaining requirements of collateral estoppel, as to the intentional infliction of emotional distress, are met.

## III. Punitive Damages

■ Relying upon this Court's decision in *Duguid v. Rogers (In re Rogers)*, 193 B.R. 55 (Bankr.M.D.Fla.1996), Plaintiff argues that the punitive damages are not dischargeable because they flow from the same conduct that resulted in a compensatory damage award. The issue in *Rogers* was whether punitive damages based upon fraudulent conduct found to be non-dischargeable pursuant to § 523(a)(2)(A), were themselves non-dischargeable pursuant to § 523(a)(2)(A). *Id.* at 58–59. The Court held that they were non-dischargeable. The Supreme Court has similarly held. *See Cohen v. de la Cruz*, 523 U.S. 213, 221–22, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (holding that § 523(a)(2)(A) prohibits discharge of all liability arising from debtor's fraudulent conduct). However, because the award of punitive damages in the instant case could have been based upon a finding of compensatory damages for fraud or for intentional infliction of emotional distress, the preceding reasoning is unavailing. Instead, the Court must determine whether the requirements for an award of punitive damages under California law closely mirror the requirements for excepting a discharge under 11 U.S.C. § 523(a)(6).

Section 3294 of the California Civil Code governs exemplary (punitive) damages and provides, in pertinent part:

> In an action for the breach of an obligation not arising from contract where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

CAL. CIV. CODE § 3294 (West 1991).

It is impossible to determine whether the jury relied upon fraud, malice, or oppression when it awarded punitive damages. Therefore, to invoke the doctrine of collateral estoppel, the Court must find that fraud, oppression, and malice each closely mirror the elements of § 523(a)(6). *See Halpern v. Schwartz*, 426 F.2d 102 (2d Cir.1970) (holding prior judgment resting on two or more alternative grounds not conclusive in later proceedings addressing issues which were necessarily found to establish only one of those grounds).

### A. Identicalness of Issues in the State Court Action and the Dischargeability Proceeding— § 523(a)(6)

#### 1. Fraud

Section 3294 of the California Civil Code defines fraud as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." CAL. CIV. CODE § 3294 (West 1991). Defendant argues that an award of punitive damages based upon fraud does not invoke the application of collateral estoppel as to § 523(a)(6) because such a definition does not require a finding of justifiable reliance. However, § 523(a)(6) does not require a finding of justifiable reliance. The definition of fraud set forth in § 3294 closely mirrors the requirements of § 523(a)(6). *Molina v. Seror, (In re Molina)*, 228 B.R. 248, 250 (9th Cir. BAP 1998) ("[T]he legal issue determined by a California court in granting an award for punitive damages for fraud is the same presented to a bankruptcy court in a nondischargeability ac-

tion under § 523(a)(6), i.e. did the defendant intend to injure the other party?").

## 2. Malice

Malice is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." CAL. CIV. CODE § 3294 (West 1991). Relying on *Aubrey v. Thomas (In re Aubrey)*, 111 B.R. 268, 275 (9th Cir. BAP 1990), Plaintiff contends that malice as set forth in California's Civil Code is sufficient to satisfy the willful and malicious requirement of § 523(a)(6). Defendant concedes that the first basis for a finding of malice, conduct intended to cause injury, closely mirrors the elements of § 523(a)(6) but argues that the alternative basis, despicable conduct carried on with a with a willful and conscious disregard of the rights or safety of others, does not require a showing of an intentional act and therefore does not closely mirror § 523(a)(6). The holding in *Aubrey* was predicated upon *Impulsora Del Territorio Sur v. Cecchini (In re Cecchini)*, 780 F.2d 1440 (9th Cir.1986). In *Cecchini*, the court held that § 523(a)(6) does not require a specific intent to injure. "When a wrongful act such as conversion, done intentionally, necessarily produces harm and is without just cause or excuse, it is 'willful and malicious' even absent proof of a specific intent to injure." *Id.* at 1443. In light of *Geiger's* holding that § 523(a)(6) requires a specific intent to injure, *Cecchini's* interpretation of § 523(a)(6) is no longer good law. Accordingly, Plaintiff's reliance on *Aubrey* is misplaced. The Court finds that the alternative basis for a finding of malice, despicable conduct carried on with a willful and conscious disregard of the rights or safety of others, does not closely mirror § 523(a)(6) because it does not require a specific intent to injure.

## 3. Oppression

Oppression is defined as "despicable conduct that subjects the person to cruel and unjust hardship in conscious disregard of that person's rights." CAL. CIV. CODE § 3294 (West 1991). Defendant argues that oppression does not closely mirror the requirements of § 523(a)(6) because it does not contain an intentional act. California courts have interpreted and defined oppression as being equivalent to malice. *Aubrey,* 111 B.R. at 274. For the reasons discussed above, the Court finds that oppression does not closely mirror § 523(a)(6).

Because the jury's award of punitive damages could have been based upon malice or oppression, neither of which closely mirrors the elements of § 523(a)(6), the issue at stake in this proceeding is not identical to the issue in the state court proceeding. Accordingly, collateral estoppel does not apply to the punitive damages set forth in the 1991 judgment. The Court need not address whether the remaining requirements of collateral estoppel, as to the punitive damages, are met.

### 2000 Consent Judgment

▇ Plaintiff argues that collateral estoppel applies to the 2000 consent judgment. Defendant contends that the absence of specific factual findings in the Consent Judgment precludes the Court from determining that the issues that were the subject of the Consent Judgment are identical to those in the instant proceeding or that they were actually litigated and decided in the state court. Defendant urges the Court to consider the circumstances under which Defendant entered into the Consent Judgment. Defendant acknowledges that the consent judgment is a concession as to the amount of compen-

satory damages but is not an admission of fraudulent, willful, or malicious conduct.

Plaintiff argues that the elements of liability for fraud were established by the 1991 judgment and thus the only remaining issue was the amount of the damages. Plaintiff contends there is no need for specific factual findings to determine that the issues are identical. The Court finds that the absence of specific factual findings in the 2000 Consent Judgment as to Defendant's liability for fraud is irrelevant. The Court's determination that the issues of fraud in the state court action closely mirror the elements of § 523(a)(2)(A) satisfies the identicalness of issues requirement as to the liability for fraud.

■ The Court must also determine whether the issue of damages was actually litigated and decided. The Court must apply the law of California concerning the collateral estoppel effect of a consent judgment. "A stipulated judgment may properly be given collateral estoppel effect, at least when the parties manifest an attempt to be collaterally bound by its terms ... It seems fair to say that by specifically stipulating to the issue of liability, the parties intended the ensuing judgment to collaterally estop further litigation on that issue. Were their intent otherwise, the parties easily could have expressly restricted the scope of the agreement." *Cal. State Auto. Ass'n Inter–Ins. Bureau v.Super. Ct.,* 50 Cal.3d 658, 664–65, 268 Cal.Rptr. 284, 788 P.2d 1156 (Cal.1990). The Court finds that by specifically stipulating to the amount of additional compensatory fraud damages, the parties intended the 2000 Consent Judgment to collaterally estop further litigation on the issue of damages. Accordingly, the issue of damages was actually litigated and decided.

Additionally, it is undisputed that the 2000 Consent Judgment is a final judgment and that Defendant is the identical party against whom preclusion is sought. Because all of the elements of collateral estoppel are satisfied, Defendant is precluded from disputing that the additional compensatory damages for fraud embodied in the 2000 Consent Judgment are non-dischargeable pursuant to § 523(a)(2)(A).

### *CONCLUSION*

Defendant is collaterally estopped from disputing that the $229,025.00 compensatory economic damages for fraud and the $50,000.00 non-economic damages for fraud embodied in the 1991 judgment, and the $3,000,000.00 additional compensatory fraud damages in the 2000 Consent Judgment are non-dischargeable. The Court will grant Plaintiff's Motion for Summary Judgment as to § 523(a)(2)(A).

The elements of § 523(a)(6) do not closely mirror the elements of intentional infliction of emotional distress and each of the requirements for a claim of punitive damages. Accordingly, collateral estoppel does not apply to the intentional infliction of emotional distress damages and the punitive damages. The Court will deny Plaintiff's Motion for Summary Judgment as to § 523(a)(6).