John R. BRADLEY, Debtor.

B.B., Plaintiff–Appellee,

v.

John R. Bradley, Defendant–Appellant.

BAP No. MB 11–062.
Bankruptcy No. 10–16021–WCH.
Adversary No. 10–01239–WCH.

United States Bankruptcy Appellate Panel of the First Circuit.

March 7, 2012.

Dmitry Lev, Esq., Boston, MA, on brief, for Appellant.

Gary W. Cruickshank, Esq., Boston, MA, on brief, for Appellee.

Before HAINES, LAMOUTTE, and KORNREICH, United States Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

Chapter 7 debtor John R. Bradley appeals the bankruptcy court's order granting summary judgment for the plaintiff,

B.B.,[1] on her claim that the judgment debt owed her is excepted from discharge pursuant to § 523(a)(6) of the Bankruptcy Code.[2] Summary judgment was premised on the issue preclusive effect of B.B.'s pre-bankruptcy state court judgment. But because the record does not establish that all elements of B.B.'s § 523(a)(6) claim were finally determined in the state court litigation, we will **VACATE** the order granting summary judgment and **REMAND** the matter for further proceedings.

## BACKGROUND

In 2008, B.B. obtained a judgment against Bradley in California on a number of theories asserting that he had caused her physical and emotional harm.[3] After a bench trial, the state court awarded B.B. a judgment providing in pertinent part:

... Witnesses were sworn and testified. Oral and documentary evidence was introduced on behalf of the respective parties and the cause was argued and submitted for decision. After hearing the evidence and arguments, the Court finds in favor of:

Plaintiff [B.B.] and against Defendant John Bradley on all causes of action including: (1) Negligence; (2) Negligent Infliction of Emotional Distress; (3) Intentional Infliction of Emotional Distress; and (4) Fraud; and further finds that Defendant John Bradley acted with fraud and malice; and that Plaintiff [B.B.] suffered and will suffer past and future loss of earnings in the amount of $5,000,000.00 and general damages in the amount of $7,500,000.00.

NOW, THEREFOR, IT IS ORDERED, ADJUDGED and DECREED that Plaintiff [B.B.] have and recover from Defendant John Bradley, the sum of $12,500,000.00, with interest thereon at the rate of ten percent per annum from the date of judgment until paid together with costs and disbursements....

In 2010, Bradley filed a chapter 7 petition in Massachusetts. B.B. thereafter filed a timely complaint seeking a determination that the judgment debt Bradley owed her was excepted from discharge under § 523(a)(6) (willful and malicious injury to person or property). B.B. moved for summary judgment, supporting the motion with a copy of the California judgment, a statement of material facts, and a memorandum of law. Citing the state court's determination, she contended that, "[b]ased upon intentional infliction of emotional distress, [Bradley was] collaterally [estopped] from re-litigating the issue of fraud and malice and the issue of dischargeability pursuant to ... [§] 523(a)(6)." Bradley opposed the motion, contending that the judgment's provisions were too imprecise to establish that the state court had conclusively determined all the elements required to trigger § 523(a)(6)'s discharge exception. In addition, he pointed out that the state court had not apportioned damages among the sundry claims mentioned in its award.

---

1. B.B. is Bradley's ex-wife. The bankruptcy court granted B.B.'s motion to impound certain documents in order to protect her identity. Those documents remain sealed. *See* 1st Cir. BAP L.R. 8018–1 and 1st Cir. Loc. R. 11.0.(c)(1).

2. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§ " refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.,* as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 119 Stat. 37.

3. Because B.B. did not supply the Panel or the bankruptcy court with copies of her state court complaint or the transcript from the bench trial, it is impossible to confirm her precise allegations.

After argument, the bankruptcy court granted B.B.'s motion, concluding:

> That's not a problem for me because it's always been my position that I can't give money judgments, anyway. So I don't care where the money went.

> Frankly, I think the language of the California judgment, which I can't go behind under Rooker–Feldman, is sufficient to satisfy [§ ] 523(a)(6). I don't think you've raised the [sic] substantial issue of a genuine dispute as to a material fact.

This appeal ensued.

### JURISDICTION

■ We are duty-bound to determine jurisdiction before proceeding to the merits even if the litigants have not raised the issue. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724, 726 (1st Cir. BAP 1998). We are empowered to hear "appeals from 'final judgments, orders and decrees,' [28 U.S.C. § ] 158(a)(1), or 'with leave of the court, from interlocutory orders and decrees.' [28 U.S.C. § ] 158(a)(3)." *Fleet Data Processing Corp v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). An order granting summary judgment, where no counts remain, is a final order. *Harrington v. Donahue (In re Donahue)*, No. 11–026, 2011 WL 6737074 (1st Cir. BAP Dec. 20, 2011). Thus, we have jurisdiction.

### STANDARD OF REVIEW

■ A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *See Lessard v. Wilton–Lyndeborough Coop. School Dist.*, 592 F.3d 267, 269 (1st Cir.2010). Orders granting summary judgment are reviewed *de novo*. *DCC Operating, Inc. v. Rivera Siaca (In re Olympic Mills Corp.)*, 477 F.3d 1, 14 (1st Cir. 2007); *Backlund v. Stanley–Snow (In re Stanley–Snow)*, 405 B.R. 11, 17 (1st Cir. BAP 2009); *see also Blacksmith Invs., Inc. v. Woodford (In re Woodford)*, 418 B.R. 644, 650 (1st Cir. BAP 2009) (applying *de novo* review to application of collateral estoppel).

### DISCUSSION

#### I. Summary Judgment Standard

Under Fed.R.Civ.P. 56, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr.P. 7056, "[i]t is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law." *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 763 (1st Cir.1994). "As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver 'an absence of evidence to support the nonmoving party's case.'" *Id.* at 763 n. 1 (citation omitted). "The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is both genuine and material." *Id.* (internal quotations and citations omitted). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in the original).

## II. Collateral Estoppel Principles[4]

■ "[C]ollateral estoppel principles ... apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). "As a result, where there has been a prior state court judgment, the bankruptcy court's ultimate dischargeability determination will be governed by any factual issues that were actually and necessarily decided by the state court." *McCurdie v. Strozewski (In re Strozewski),* 458 B.R. 397, 403 (Bankr. W.D.Mich.2011) (citation omitted).

■ "Under the full faith and credit statute, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent nondischargeability proceeding under federal bankruptcy law is governed by the collateral estoppel law of the state from which the judgment is taken." *Stowe v. Bologna (In re Bologna),* 206 B.R. 628, 630–31 (Bankr.D.Mass.1997); *see also In re Woodford,* 418 B.R. at 650. We therefore turn to the California law of judgments.

■ California courts apply the collateral estoppel doctrine if the following five threshold requirements are satisfied:

First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Court,* 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990).

■ "The party asserting the doctrine has the burden of proving that all of the threshold requirements have been met. ... To meet this burden, the moving party must have pinpointed the exact issues litigated in the prior action and introduced a record revealing the controlling facts." *Honkanen v. Hopper (In re Honkanen),* 446 B.R. 373, 382 (9th Cir. BAP 2011) (explaining further that "[r]easonable doubts about what was decided in the prior action should be resolved against the party seeking to assert preclusion.").[5]

4. Traditionally, res judicata was the umbrella term for both claim preclusion and collateral estoppel. *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30 (1st Cir.1994). In modern nomenclature, collateral estoppel is now referred to as issue preclusion and res judicata as claim preclusion. *Eastern Pilots Merger Comm. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.),* 279 F.3d 226, 232 (3d Cir.2002). The two terms replace "a more confusing lexicon" but may continue to be "collectively referred to as 'res judicata.'" *Taylor v. Sturgell,* 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation.... Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue ... actually

litigated and resolved in a valid court determination essential to the prior judgment...." *New Hampshire v. Maine,* 532 U.S. 742, 748–49, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). This case entails an assertion of issue preclusion only. B.B. does not contend that the California court determined her claim of nondischargeability, as that claim was not, indeed could not have been, brought before it. *Cf. Wendt v. Hanson (In re Hanson),* No. 11–90361, 2011 WL 6148429, *2 (Bankr.S.D.Cal. Nov. 21, 2011) (declining to apply claim preclusion as prior state court cause of action was not identical to subsequent claim for nondischargeability).

5. The party urging preclusion must also establish "that the public policies underlying the collateral estoppel doctrine would be fur-

## III. Elements for Nondischargeability Under § 523(a)(6)

██ Section 523(a)(6) provides that a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). The Supreme Court explained that the word "willful," as used in § 523(a)(6), "modifies the word 'injury,'" indicating that nondischargeability under that section therefore requires "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). It further explained that "[i]ntentional torts generally require that the actor intend 'the *consequences* of an act,' not simply 'the *act itself*'" *Id.* (citing *Restatement (Second) of Torts* § 8A) (emphasis in original). "In light of the Supreme Court's citation to the *Restatement (Second) of Torts,* courts have concluded that the Supreme Court meant the willfulness element to include actions intentionally done and known by the debtor to be 'substantially certain to cause injury.'" *Hermosilla v. Hermosilla (In re Hermosilla),* 430 B.R. 13, 22 (Bankr. D.Mass.2010) (footnotes omitted).

██ Prior to *Geiger,* in *Printy v. Dean Witter Reynolds, Inc.,* 110 F.3d 853, 859 (1st Cir.1997), the First Circuit addressed the element of "malice" required under § 523(a)(6) and explained that it requires the creditor to show that the injury was caused "without just cause or excuse." Courts in this circuit continue to apply the *Printy* standard post-*Geiger. See In re Hermosilla,* 430 B.R. at 22; *see also Jones v. Svreck (In re Jones),* 300 B.R. 133, 140

(1st Cir. BAP 2003); *Puzzo v. Martin (In re Martin),* 419 B.R. 524, 531 (Bankr. D.N.H.2009); *Vuitton Malletier v. Ortiz (In re Ortiz),* No. 08–0123, 2009 WL 2912497, at *4 (Bankr.D.P.R. June 4, 2009); *McAlister v. Slosberg (In re Slosberg),* 225 B.R. 9, 19–22 (Bankr.D.Me. 1998).

Accordingly, in order for a debt to be excepted under § 523(a)(6), "the creditor must show that: (1) the creditor suffered an injury; (2) the injury was the result [of] the debtor's actions; (3) the debtor intended to cause the injury or that there was a substantial certainty that the injury would occur; and (4) the debtor had no just cause or excuse for the action resulting in injury." *In re Hermosilla,* 430 B.R. at 22.

## IV. Elements of Intentional Infliction of Emotional Distress Under California Law

██ To prevail at summary judgment on a § 523(a)(6) claim by invoking issue preclusion, a plaintiff must demonstrate that in entering judgment for intentional infliction of emotional distress, the state court necessarily finally determined each of the elements to establish nondischargeability. Under California law, the elements of the tort are:

(1) extreme and outrageous conduct by the defendant with the *intention of causing, or reckless disregard of the probability of causing,* emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct.

---

thered by application of preclusion to the particular issue before the court." *Baldwin v. Kilpatrick (In re Baldwin),* 249 F.3d 912, 919 (9th Cir.2001) (citation omitted). Those policies include identifying "preservation of the

integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Id.* (citation and quotations omitted). For today, we need not consider this prerequisite.

*Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir.1996) (citation omitted) (emphasis added).[6]

## V. Is There Identity of Elements?

█ In order for collateral estoppel to compel entry of a judgment in her favor under § 523(a)(6), it was incumbent on B.B. to introduce a record demonstrating that the California court finally and necessarily determined that Bradley either intended to cause her injury or that he was substantially certain his intentional acts would cause injury. *See In re Honkanen*, 446 B.R. at 382. Unfortunately, the summary judgment record contains nothing of substance beyond the California court's judgment. Whether the state court found that Bradley intended to cause B.B.'s injury or that he recklessly disregarded the probability of causing such injury is not apparent. Because B.B. has not "pinpointed" the factual issues actually litigated and necessarily determined in the California case, "reasonable doubt" remains about what was actually decided there.

More precisely, if the California judgment were based unambiguously upon Bradley's subjective intent to injure B.B., collateral estoppel would apply to establish § 523(a)(6)'s element of willfulness.[7] As the judgment may well have been premised on the court's finding that Bradley acted in reckless disregard of the probability his actions would cause injury, the issue becomes whether such a finding would suffice to establish willfulness for § 523(a)(6) dischargeability purposes.

The majority of courts that have considered the issue have concluded that a state court judgment that could have been based

on reckless disregard is not the equivalent of the substantial certainty required by § 523(a)(6). *See Fielding v. Lavender*, No. 02 C 0991, 2003 WL 742190 (N.D.Ill. Mar. 3, 2003) (affirming judgment for debtor as unclear whether state judgment based on intent or reckless disregard); *Morra v. Goldman (In re Goldman)*, No. 10–3541, 2011 WL 344602 (Bankr.S.D.Fla. Jan. 31, 2011); *Hall v. Desper (In re Desper)*, No. 09–5051, 2010 WL 653864 (Bankr.S.D.Miss. Feb. 9, 2010); *Doughty v. Hill (In re Hill)*, 265 B.R. 270, 276 (Bankr.M.D.Fla.2001); *see also Mermelstein v. Elder (In re Elder)*, 262 B.R. 799, 809 (C.D.Cal.2001) (recognizing when judgment based on either intent or reckless disregard, judgment would not satisfy *Geiger* ), *aff'd*, 40 Fed.Appx. 576 (9th Cir. 2002); *but see Gonzalez v. Moffitt (In re Moffitt)*, 252 B.R. 916 (6th Cir. BAP 2000) (applying collateral estoppel given extensive language in state court judgment and extenuating procedural facts); and *In re Strozewski*, 458 B.R. at 408 (applying collateral estoppel after applying an objective instead of subjective standard). We agree.

As the court in *Hill, supra*, explained:
Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from facts which he knows, should realize that there is a *strong probability* that harm may result, even though he hopes or even expects that his conduct will prove harmless. However, a strong probability is a different thing from the *substantial certainty* without

---

**6.** Malicious or evil purpose is not essential to liability. *Spinks v. Equity Residential Briarwood Apts.*, 171 Cal.App.4th 1004, 90 Cal. Rptr.3d 453, 486 (2009).

**7.** *See, e.g., Maloney v. Converse*, 98 F.3d 1333 (1st Cir.1996) (affirming application of collateral estoppel to state court judgment for intentional infliction of emotional distress given explicit state court finding of intent).

which he cannot be said to intend the harm in which his act results.

*In re Hill,* 265 B.R. at 276 (emphasis supplied) (citing *Restatement (Second) of Torts* § 500 cmt. f (1965)).[8]

The court concluded:

It is clear that an act in reckless disregard of the rights of others does not constitute willful and malicious conduct for the purposes of § 523(a)(6). *American Cast Iron Pipe v. Wrenn (In re Wrenn),* 791 F.2d 1542, 1544 (11th Cir. 1986); *see also* [ ] *Geiger, [supra]* (holding that § 523(a)(6) requires a specific intent to injure and that recklessly inflicted injuries are insufficient). Because the jury's finding of intentional infliction of emotional distress could have been based upon a finding of reckless disregard, the elements of intentional infliction of emotional distress under California law do not closely mirror the

requirements for excepting a debt from discharge under § 523(a)(6). Accordingly, collateral estoppel does not apply to the jury's finding of intentional infliction of emotional distress.

*Id.*[9]

To reiterate, the basis for the state court's determination that damages would lie for intentional infliction of emotional distress is opaque. We do not have the state court complaint, transcript, or detailed findings. If the judgment were based upon reckless disregard, a "strong probability" is not identical to "substantial certainty." [10] Because the record did not demonstrate the requisite "identity of issues," summary judgment was not appropriate.[11]

### CONCLUSION

Based upon the foregoing, we **VACATE** the order granting summary judgment and

---

8. *Restatement (Second) of Torts* § 500 cmt. f (1965), provides, in pertinent part:

   [t]he actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

9. When confronted with a comparable statute, the Ninth Circuit has ruled similarly. *Barboza v. New Form, Inc. (In re Barboza),* 545 F.3d 702 (9th Cir.2008) (reversing summary judgment because unclear if "willful" element of copyright infringement award was based upon intent or recklessness).

10. Although the state court stated that Bradley "acted with fraud and malice," that determination provides no help. The record does not reveal to what cause of action the judge attributed those findings or what standards he

applied in making them. It may be that B.B. alleged malice and fraud in order to obtain punitive damages. Although we do not know if she made such a request for other counts, we do know that when the court made its "fraud and malice" findings, it did not ascribe them to any count and it did not award punitive damages. *Cf., e.g., Redd v. Lee (In re Lee),* No. 09–5033, 2011 WL 841247, at *4 (Bankr. N.D.Cal. March 7, 2011) (ruling because jury imposed punitive damages, finding supported conclusion of "without just cause" because punitive damages statute requires "oppression, fraud, or malice" finding).

11. Having so ruled, we need not reach issues concerning whether a judgment for intentional infliction of emotional distress under California law requires the same "without just cause or excuse" element as that required to prove malicious injury under § 523(a)(6), whether such issues were "actually litigated" and "necessarily decided," whether the judgment is too imprecise as to apportionment of damages, or whether the bankruptcy court properly invoked the Rooker–Feldman doctrine.

**REMAND** the matter for proceedings consistent with this opinion.